JOSEPH TULEJA *vs.* TREFLE·BEAUVAIS, JR., & another.

Hampden.　September 27, 1898. — October 21, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Equity — Decree not justified by Record — Clerical Error.*

Where, on an appeal from a decree of the Superior Court after a hearing on a bill in equity praying that the defendant be enjoined from maintaining a fence across a certain street and in front of the premises of the plaintiff, the evidence is not reported, that part of the decree which is not justified by the record will be stricken out; and the contention of the defendant that in any event the decree is wrong because the bill states the frontage of the defendant's lot to be two hundred and seventy-four feet, while the decree seems to fix it at one hundred and seventy-four, cannot avail, because, the evidence not being reported, it is impossible to tell which is correct. If the error, if there be any, be merely clerical, it can be corrected.

BILL IN EQUITY, filed in the Superior Court, to restrain the defendants, Trefle Beauvais, Jr., and Marie D. Beauvais, from maintaining a certain fence across Leary Street, so called, and in front of the premises of the plaintiff, in Chicopee.

The bill alleged that the plaintiff was the owner of a certain parcel of land on the westerly side of Grattan Street, in said Chicopee, described as follows: " Beginning on the westerly side of said Grattan Street at the northwest corner of land of Leo Blanchard, thence running westerly on said Blanchard's land 205 feet to an iron pin at land of one Buckley; thence running westerly on said land of Buckley 360 feet to a point at land of the heirs of P. Leary; thence northerly on last named land 242 feet to a new street called Leary Street; thence easterly on the southerly line of said Leary Street 395½ feet to the westerly side of said Grattan Street; and thence southerly on said Grattan Street 143½ feet to the point of beginning, with the right to use said Leary Street as laid out 33 feet wide for travel"; — that Leary Street had been open and used by the public generally for a period of more than twenty years, and had become a public highway by prescription; that the defendants were the owners of a certain parcel of land on the other side of Grattan Street, described as follows: " Commencing at a stone on the west side

of the highway leading from Chicopee Falls to Holyoke Ferry and at the northeast corner of the lot herein described, and from thence running westerly by land of the heirs of Thaddeus Chapin 248½ feet to a stone; thence running southerly by land of the heirs of Patrick Leary to land laid out by Morris Leary for a street 119 feet; thence running easterly by land reserved by said Morris Leary for a street 368½ feet to a stone on the mentioned highway; thence running northerly on said highway 274 feet to the place of beginning; also the right of passage with or without teams through a strip of land two rods in width on the south side of the above described premises in common with the said Morris Leary and the heirs of Patrick Leary"; the defendants becoming the owners of the premises by deed of Morris Leary, who was the husband of Ellen Leary, by whose deed the plaintiff became the owner of the premises above described; — that on or about April 1, 1897, the defendants erected a certain fence about five feet in height, beginning at a point at the corner of Grattan and Leary Streets, and extending across Leary Street at its junction with Grattan Street and for a considerable distance farther along Grattan Street upon the premises of the plaintiff; that the said fence entirely prevented access to and exit from Leary Street to Grattan Street, and prevented the use of the plaintiff's other property, and entirely prevented the use of Leary Street by the plaintiff, there being no other outlet from Leary Street except Grattan Street; and that on April 21, 1897, the plaintiff having torn down the fence, the defendants immediately replaced the same.

A decree was to be entered "that an injunction issue restraining the defendants from further maintaining the fence mentioned in the bill of complaint, or any part thereof, and from erecting or maintaining any obstruction upon the land of the plaintiff along the highway line of Grattan Street in Chicopee, in said county, south of a certain road or street, two rods in width more or less, originally laid out by one Morris Leary, and afterwards improved by Trefle Beauvais, Senior, said road or street being commonly known as Leary Street, the northerly line of said Leary Street at the point where it intersects said Grattan Street being distant one hundred and seventy-four (174) feet from the northeasterly corner of the land of the defendant, Marie D. Beau-

vais ; and further restraining the defendants from entering or trespassing upon any portion of the tract of land on said Grattan Street, which lies southerly of said Leary Street, and from hindering, preventing, or obstructing the free use of said Leary Street for all purposes of passage on foot and with vehicles by the plaintiff."

The defendants appealed to this court.

*J. T. Moriarty & T. Fitz Gibbon,* for the defendants.

*J. B. Carroll & W. H. McClintock,* (*J. F. Stapleton, Jr.* with them,) for the plaintiff.

HAMMOND, J.    This case is before us upon an appeal from the decree of the Superior Court, after a hearing.   The evidence not being reported, the only question is whether the decree is justified by the record.

Upon comparing the decree with the record, we are of opinion that the second paragraph of the decree, to wit, that part after " Marie D. Beauvais," and before the paragraph relating to costs, is not justified by the record, and should be stricken out.

The decree as thus modified may stand.

The defendants contend that in any event the decree is wrong, because the bill states the frontage of the Beauvais lot to be two hundred and seventy-four feet, while the decree seems to fix it at one hundred and seventy-four feet.   But the evidence not being reported, we cannot tell which is correct.   Perhaps the error, if there be any, is merely clerical.   If so, it can be corrected.

*Decree accordingly.*